UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW M.,<br>　　　　　　　　Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>　　　　　　　　Defendant. | Case # 1:20-cv-1644-DB<br><br>MEMORANDUM DECISION<br>AND ORDER |

## INTRODUCTION

Plaintiff Matthew M. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner") that denied his application for Disability Insurance Benefits ("DIB") under Title II of the Act. *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned in accordance with a standing order (*see* ECF No. 12).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* ECF Nos. 9, 10. Plaintiff also filed a reply. *See* ECF No. 11. For the reasons set forth below, Plaintiff's motion (ECF No. 9) is **GRANTED**, the Commissioner's motion (ECF No. 10) is **DENIED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings.

## BACKGROUND

Plaintiff protectively filed his DIB application on April 26, 2016, alleging disability beginning July 28, 2014 (the disability onset date). Transcript ("Tr.") 17, 345-51. Plaintiff's application was denied initially on October 24, 2016, after which he requested an administrative hearing. Tr. 17. On November 26, 2018, Administrative Law Judge William M. Weir (the "ALJ")

presided over a video hearing from Buffalo, New York. Tr. 117. Plaintiff appeared and testified in Olean, New York, and was represented by Galena Duba-Weaver, an attorney. *Id*. Jay Steinbrenner, an impartial vocational expert ("VE"), also appeared and testified at the hearing. *Id*.

The ALJ issued an unfavorable decision on March 8, 2019, finding that Plaintiff was not disabled. Tr. 17-30. On April 9, 2020,[1] the Appeals Council denied Plaintiff's request for further review. Tr. 4-7. The ALJ's January 30, 2019 decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

### II. The Sequential Evaluation Process

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful

---

[1] Thereafter, on April 20, 2020, the Appeals Council granted Plaintiff an extension through November 6, 2020 to file a civil action. Tr. 1.

work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirements, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id*. § 404.1509. If not, the ALJ determines the claimant's residual functional capacity, which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id*. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

# ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in his March 8, 2019 decision:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2017.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of July 28, 2014 through his date last insured of December 31, 2017 (20 CFR 404.1571 *et seq*.).

3. Through the date last insured, the claimant had the following severe impairment: degenerative joint disease of the shoulders (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. Through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b)[2] except the claimant can do incidental overhead reaching. He can do one- and two-step simple repetitive tasks. The claimant cannot perform complex work, defined as work involving multiple simultaneous goals or objectives with a need to independently set quantity, quality, or method standards. The claimant can have up to one change per day in general workplace or task. He should avoid working with hazards, at unprotected heights, or around dangerous machines, tools, and chemicals.

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on October 16, 1969 and was 48 years old, which is defined as a younger individual age 18-49, on the date last insured (20 CFR 404.1563).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569a).

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from July 28, 2014, the alleged onset date, through December 31, 2017, the date last insured (20 CFR 404.1520(g)).

Tr. at 17-30.

Accordingly, the ALJ determined that, for a period of disability and disability insurance benefits filed on April 26, 2016, the claimant was not disabled under sections 216(i) and 223(d) of the Social Security Act through December 31, 2017, the last date insured. Tr. 30.

## **ANALYSIS**

Plaintiff asserts a single point of error but has two objections to the ALJ's RFC finding. Plaintiff argues that the VE testimony, upon which the ALJ based his physical RFC finding, is inconsistent with the Dictionary of Occupational Titles ("DOT"). *See* ECF No. 9-1 at 12-30. Specifically, Plaintiff alleges that the ALJ's RFC, both as presented to the VE and in the ALJ's decision, limits Plaintiff to incidental overhead reaching, but the jobs presented by the VE all require frequent reaching or constant reaching pursuant to the DOT. *See id*. at 12-22. Plaintiff also alleges that the VE testimony was inconsistent with respect to Plaintiff's cognitive and educational limitations. *See id*. at 22-30. Plaintiff alleges that because the ALJ failed to resolve these conflicts, the ALJ's decision was not supported by substantial evidence. *See id*. at 12-30.

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir.2000). Substantial evidence has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The

Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa*, 168 F.3d at 77.

The ALJ determined Plaintiff retained the RFC for light work with incidental overhead reaching, one-and two-step simple repetitive tasks . . . cannot perform complex work, defined as work involving multiple simultaneous goals or objectives with a need to independently set quantity, quality, or method standards . . . can have up to one change per day in general workplace or task, and he should avoid working with hazards, at unprotected heights, or around dangerous machines, tools, and chemicals. Tr. 23. At step four, the ALJ found that, with this RFC and based on VE testimony, Plaintiff was not capable of performing past relevant work (Tr. 28) but retained the ability to perform other work at step five including telephone survey worker and ticket seller. Tr. 29-30.

Upon review of the record, the Court finds that Plaintiff's argument as to the overhead reaching limitation in the RFC has merit. Pursuant to the DOT, the job of ticket seller requires frequent reaching, and the job of telephone survey worker requires constant reaching. DOT 211.467-030, 1991 WL 671853; DOT 205.367-054, 1991 WL 671725. The VE testimony does not adequately address the conflict regarding the ALJ's "incidental" reaching limitation and the requirements for frequent and constant reaching in the jobs found by the ALJ at step 5, Tr. 267-69. Furthermore, it is unclear if, by limiting Plaintiff to "incidental" overhead work, this would permit Plaintiff to perform the work as a telephone survey worker and ticket seller. Contrary to the Commissioner's argument, this issue was not resolved through the VE testimony and the questioning by the ALJ. *See* ECF No. 10-1. Accordingly, the Court finds that remand is warranted on this point.

The VE testimony did not provide clarity as to how the limitations on overhead reaching were not a conflict with the degree of reaching required by the job, other than to rely on his professional experience. Tr. 269. Given that the DOT does not break down directional reaching, the VE's response that he relied on his experience does not specifically address the conflict. Nor did the ALJ adequately address the conflict and resolve why the jobs would not require greater overhead reaching. The fact that the VE's opinion was based on his own "knowledge and experience" does not resolve the conflict. *Lockwood v. Commissioner of Social Security*, 914 F.3d 87, 92 (2d Cir. 2019).

In *Lockwood*, Plaintiff's RFC limited him to no overhead reaching, but the jobs identified by the VE required occasional or frequent reaching according to the DOT. *Lockwood*, 914 F.3d 87 at 89-90. Reaching is defined as "extending the hands and arms in any direction," SSR 85-15, 1985 WL 56857, at *7 (Jan. 1, 1985). Thus, in *Lockwood*, there was an apparent conflict between the RFC and the identified jobs. *Lockwood*, 914 F.3d 87 at 92. "Testimony that a claimant with overhead reaching limitations is capable of performing a job that the Dictionary describes as requiring 'reaching'," then, creates at least an apparent conflict that triggers the Commissioner's duty to elicit an explanation that would justify crediting the testimony." *Id*.

*Lockwood* requires that the ALJ first acknowledge the conflict between the descriptions in the Selected Characteristics of Occupations ("SCO") and the VE's proposed jobs for Plaintiff. *Id*. (noting that an ALJ has a duty to address such apparent conflicts, and "it is the Commissioner's responsibility to obtain a reasonable explanation for any such discrepancies, and not this Court's obligation to concoct one *post hoc*."). *Lockwood*, 914 F.3d 87 at 92; *see also Christine J. v. Comm'r of Soc. Sec.*, No. 1:20-CV-0622 CJS, 2021 WL 4451691, at *8 (W.D.N.Y. Sept. 29, 2021); *Munoz v. Comm'r of Soc. Sec.*, No. 20-CV-2496 (KAM), 2021 WL 4264814, at *9

7

(E.D.N.Y. Sept. 20, 2021); *Roberto v. Saul*, No. 20-CV-1923 (AMD), 2021 WL 3912298, at *6 (E.D.N.Y. Sept. 1, 2021).

The Commissioner's argument that *Lockwood* is distinguishable because "the VE [in this case] specifically testified that his testimony was consistent with the DOT other than the overhead reaching limitations, and that those limitations were based on his years of experience working as a vocational expert" is unpersuasive. *See* ECF No. 10-1 at 7. According to the Commissioner, the VE testimony "[made] clear that those jobs were consistent with the ALJ's RFC." *See id*. The Court disagrees. The VE testimony is far from clear as to how the limitations on overhead reaching were not a conflict with the degree of reaching required by the jobs other than to rely on his professional experience (Tr. 269), which as explained above, is insufficient. *See Lockwood*, 914 F.3d 87 at 92. The VE offered no indication that he relied on job observation, research or specific knowledge of the job. The Commissioner's contention that the jobs presented "accommodate" such a restriction is likewise unpersuasive. *See* ECF No. 10-1 at 8. This is a different matter compared to whether the jobs could actually be done with the reaching limitation.

Based on the foregoing, the ALJ's finding that Plaintiff was not disabled as defined by the SSA was not supported by substantial evidence in the record because the ALJ improperly relied on VE testimony that conflicted with the DOT and SCO. Upon remand, the Commissioner should obtain an explanation concerning this apparent conflict.

Because the Court has already determined, for the reasons discussed above, that remand of this matter for further administrative proceedings is necessary, the Court declines to address Plaintiff's additional arguments. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court

had already determined remand was warranted*); Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 2137776, at *28 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, *261 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is **GRANTED**, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is **DENIED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

**IT IS SO ORDERED**.

*/s/ Don D. Bush*
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE